**ATLAS | SOLOMON LLP**
NATALIE L. WINSLOW
Nevada Bar No. 12125
ATLAS | SOLOMON LLP
7674 W. Lake Mead Blvd., Suite 220
Las Vegas, Nevada 89128
Telephone No.: (725) 315-9572
Email: nwinslow@atlas-solomon.com
*Attorneys for Change Lending, LLC dba Change Home Mortgage*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHANGE LENDING, LLC DBA CHANGE HOME MORTGAGE,<br><br>　　　Plaintiff,<br><br>　　　-vs-<br><br>VILLAGE CAPITAL & INVESTMENT LLC; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>　　　Defendant(s). | CASE NO.: 2:25-cv-01600-GMN-EJY<br><br>**ANSWER TO COUNTERCLAIMS** |
| VILLAGE CAPITAL & INVESTMENT LLC,<br><br>　　　Counterclaimant,<br><br>　　　-vs-<br><br>CHANGE LENDING, LLC DBA CHANGE HOME MORTGAGE,<br><br>　　　Counterdefendant. | |

　　　Plaintiff Change Lending, LLC dba Change Home Mortgage, by and through its undersigned counsel, answers Village Capital & Investment LLC's counterclaims as follows:

1

1. Paragraph 1 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations because it lacks sufficient information to admit or deny them.

2. Paragraph 2 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending admits the allegations.

3. Paragraph 3 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending admits the allegations.

4. Paragraph 4 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending admits the allegations.

5. Paragraph 5 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending states that the Mortgage Servicing Rights Purchase and Sale Agreement (Government Mortgage Loans) ("PSA") speaks for itself and denies any allegation inconsistent with the PSA. Change Lending admits the remaining allegations in paragraph 5.

## FACTS

6. Change Lending states that the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending admits that a true and correct copy of the PSA is attached to the complaint as Exhibit 1 and further admits that Change Lending and Village Capital entered into the agreement.

7. Change Lending states that its complaint speaks for itself and denies any allegation inconsistent with the complaint.

8. Change Lending denies the allegations in paragraph 8.

9. Change Lending states that the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending denies the remaining allegations in paragraph 9.

10. Paragraph 10 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

11. Paragraph 11 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations in paragraph 11.

12. Paragraph 12 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending states that the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending denies the remaining allegations in paragraph 12.

13. Paragraph 13 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending states that Village Capital had the obligation to remit the subject principal and interest advances to the Government National Mortgage Association "Ginnie Mae"), and Village Capital failed to do so. Change Lending denies the remaining allegations in paragraph 13.

14. Paragraph 14 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending states that the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending denies any remaining allegations in paragraph 14 because it lacks sufficient information to admit or deny them.

15. Change Lending denies the allegations in paragraph 15 because it lacks sufficient information to admit or deny them.

16. Paragraph 16 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

17. Paragraph 17 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

18. Paragraph 18 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

19. Paragraph 19 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending states that the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending denies the remaining allegations in paragraph 19.

20. Paragraph 20 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending states that the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending denies the remaining allegations in paragraph 20.

21. Paragraph 21 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending states that the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending denies the remaining allegations in paragraph 21.

22. Paragraph 22 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

23. Change Lending states that the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA.

24. Change Lending states that the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA.

25. Paragraph 25 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations in paragraph 25.

26. Change Lending states the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending denies the remaining allegations in paragraph 26.

27. Change Lending states the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending further states that the paragraph lacks foundation in that it assumes Change Lending had some sort of obligation under the PSA that is either not required or that Change Lending did not fulfill. Accordingly, Change Lending can neither admit nor deny the paragraph in its current form and therefore denies the same.

28. Change Lending states the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending further states that the paragraph lacks foundation in that it assumes Change Lending had some sort of obligation under the

PSA that is either not required or that Change Lending did not fulfill. Accordingly, Change Lending can neither admit nor deny the paragraph in its current form and therefore denies the same.

29. Change Lending states the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending further states that the paragraph lacks foundation in that it assumes Change Lending had some sort of obligation under the PSA that is either not required or that Change Lending did not fulfill. Accordingly, Change Lending can neither admit nor deny the paragraph in its current form and therefore denies the same.

30. Change Lending states the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending further states that the paragraph lacks foundation in that it assumes Change Lending had some sort of obligation under the PSA that is either not required or that Change Lending did not fulfill. Accordingly, Change Lending can neither admit nor deny the paragraph in its current form and therefore denies the same.

31. Change Lending states the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending further states that the paragraph lacks foundation in that it assumes Change Lending had some sort of obligation under the PSA that is either not required or that Change Lending did not fulfill. Accordingly, Change Lending can neither admit nor deny the paragraph in its current form and therefore denies the same.

32. Change Lending states the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending further states that the paragraph lacks foundation in that it assumes Change Lending had some sort of obligation under the PSA that is either not required or that Change Lending did not fulfill. Accordingly, Change Lending can neither admit nor deny the paragraph in its current form and therefore denies the same.

33. Change Lending states the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending denies the remaining allegations in paragraph 33.

34. Paragraph 34 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

35. Paragraph 35 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

36. Paragraph 36 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

37. Paragraph 37 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

38. Paragraph 38 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending states the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending denies the remaining allegations in paragraph 38.

39. Paragraph 39 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

40. Paragraph 40 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

41. Paragraph 41 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending states the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending denies the remaining allegations in paragraph 41.

42. Paragraph 42 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

43. Paragraph 43 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending states that the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change

Lending denies that Village Capital realized any losses or is entitled to any reimbursement funds from Change Lending as alleged in paragraph 43.

44. Paragraph 44 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending states that the referenced PSA speaks for itself and denies any allegation inconsistent with the PSA. Change Lending denies that Village Capital realized any losses or is entitled to any funds from Change Lending as alleged in paragraph 44.

45. Paragraph 45 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

46. Paragraph 46 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

47. Change Lending repeats its answers to the preceding paragraphs.

48. Paragraph 48 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending admits that the parties entered into the PSA. Change Lending denies the remaining allegations because it lacks sufficient information to admit or deny them.

49. Paragraph 49 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

50. Paragraph 50 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

51. Paragraph 51 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

52. Paragraph 52 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

## SECOND CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

53. Change Lending repeats its answers to the preceding paragraphs.

54. Paragraph 54 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending admits that the parties entered into the PSA. Change Lending denies the remaining allegations because it lacks sufficient information to admit or deny them.

55. Paragraph 55 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending admits the allegations upon information and belief.

56. Paragraph 56 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

57. Paragraph 57 calls for a legal conclusion, to which no response is required. To the extent a response is nonetheless required, Change Lending denies the allegations.

58. Any allegation not expressly admitted above is hereby denied.

## **PRAYER FOR RELIEF**

Change Lending denies that Village Capital is entitled to any relief it seeks in its prayer for relief.

## **AFFIRMATIVE DEFENSES**

1. Village Capital has failed to state facts sufficient to constitute any cause of action against Change Lending.

2. Village Capital's claims are barred in whole or in part because of its failure to take reasonable steps to mitigate damages, if any.

3. Village Capital materially breached the contract before any alleged breach by Change Lending as outlined in the counterclaims, thereby excusing Change Lending from any further performance. Further, Village Capital's material breach precludes any recovery for breach of the implied covenant.

4. The alleged acts and omissions of Change Lending as set forth in Village Capital's causes of action were not the proximate cause of the loss or damage for which Village Capital seeks recovery.

5. To the extent that Village Capital suffered any detriment, such detriment was caused or contributed to by Village Capital's conduct, acts, omissions, activities,

8

carelessness, recklessness, negligence, fraudulent and/or intentional misconduct, and Village Capital's damages, if any, should be reduced in direct proportion to its fault.

6. The counterclaims are barred by the doctrine of unclean hands.

7. The counterclaims are barred, in whole or in part, by the doctrine of waiver.

8. Village Capital failed to comply with all conditions precedent contained within the PSA before initiating its counterclaims against Change Lending.

9. Village Capital's causes of action are barred, in whole or by part, by acquiescence or the doctrine of implied acquiescence because Village Capital impliedly or explicitly, directly or indirectly, authorized, licensed, consented to, or acquiesced to Change Lending's allegedly wrongful conduct.

10. Performance of Change Lending's obligations under the PSA, if any, was prevented, rendered impracticable, or the essential purpose of the contract was frustrated due to events and circumstances beyond Change Lending's control and not reasonably foreseeable at the time of contracting. Such events made performance impossible, commercially impracticable, or defeated the purpose of the agreement, thereby excusing Change Lending's performance under the doctrines of impossibility, impracticability, and frustration of purpose.

11. Village Capital is estopped from asserting the claims alleged in the counterclaims. Village Capital, by its words, conduct, and/or representations, induced Change Lending to reasonably believe that certain facts existed or that certain actions or omissions would not be enforced. Change Lending relied in good faith upon those representations to its detriment.

12. Village Capital's causes of action are barred, in whole or in part, because Village Capital failed to act in a commercially reasonable manner.

13. Village's causes of action are barred, in whole or in part, by the doctrine of laches.

14. To the extent that Village Capital has or will incur any damages by reason of Change Lending's conduct, Change Lending has the right to offset any amounts owed to

Village Capital by Change Lending against monies owed by Village Capital to Change Lending.

15. Village Capital's claim for breach of the implied covenant fails because it seeks to impose duties inconsistent with, and beyond, the express terms of the PSA.

16. Change Lending at all times acted in good faith and dealt fairly with Village Capital in performance of the PSA.

Change Lending reserves the right to assert additional affirmative defenses in the event that discovery indicates additional affirmative defenses are appropriate.

**SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Change Lending gives notice to Village Capital and demands that Village Capital and its attorneys, affiliates, and agents safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

DATED this 16th day of October 2025.

ATLAS | SOLOMON LLP

/s/ *Natalie L. Winslow*
NATALIE L. WINSLOW
Nevada Bar No. 12125
7674 W. Lake Mead Blvd., Suite 220
Las Vegas, Nevada 89128
nwinslow@atlas-solomon.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October 2025, a true and correct copy of the foregoing Answer to Counterclaims was electronically filed and served through the Court's filing system using the CM/ECF service.

                                              */s/ Melina Gonzalez*
                                              An Employee of Atlas Solomon, LLP