**ATLAS | SOLOMON LLP**
NATALIE L. WINSLOW
Nevada Bar No. 12125
ATLAS | SOLOMON LLP
7674 W. Lake Mead Blvd., Suite 220
Las Vegas, Nevada 89128
Telephone No.: (725) 315-9572
Email: nwinslow@atlas-solomon.com
*Attorneys for Change Lending, LLC dba Change Home Mortgage*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHANGE LENDING, LLC DBA CHANGE HOME MORTGAGE,<br><br>　　　Plaintiff,<br><br>　　　-vs-<br><br>VILLAGE CAPITAL & INVESTMENT LLC; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>　　　Defendant(s). | CASE NO.: 2:25-cv-01600-GMN-EJY<br><br>**REPLY IN SUPPORT OF AMENDED MOTION TO LIFT STAY OF DISCOVERY AND ALL CASE DEADLINES**<br><br>**AND**<br><br>**OPPOSITION TO COUNTERMOTION FOR SETTLEMENT CONFERENCE** |
| VILLAGE CAPITAL & INVESTMENT LLC,<br><br>　　　Counterclaimant,<br><br>　　　-vs-<br><br>CHANGE LENDING, LLC DBA CHANGE HOME MORTGAGE,<br><br>　　　Counterdefendant. | |

Change Lending, LLC dba Change Home Mortgage ("Change") replies in support of its amended motion to lift stay of discovery and all case deadlines, ECF No. 19, and opposes Village Capital & Investment LLC's ("Village") countermotion for settlement conference, ECF No. 21.

1

Village's opposition confirms that this case is not on the verge of resolution but rather it is stalled.  Despite a period of stayed proceedings, the parties have not reached an agreement.  Village now seeks to extend the stay further through a court-ordered settlement conference.

Village attempts to point fingers at Change for the case not settling during the agreed-upon stay.  But in reality, after the parties' initial video meeting with counsel and parties, Village's principals refused to attend a second meeting that the parties mutually scheduled for March 6, 2026.  Village did not communicate with Change at all after it decided to skip the parties' March 6 meeting until April 9, 2026—the same day that the parties were required to either file a stipulation/motion to lift the stay and allow an additional 45 days of discovery, or alternatively, a stipulation/motion to continue the stay while further settlement negotiations continued.  ECF No. 16.  It was only on **April 9, 2026** that Village finally responded to Change's settlement offer that had been pending since **March 3, 2026**.  Village's attempt to portray itself as moving this case toward settlement during the stay period is disingenuous and a thinly-veiled delay tactic to prevent actual resolution of this case.

The Court should not continue the stay in the hope that settlement might occur. Nor should the Court require Change to participate in a settlement conference after informal attempts have failed—especially given Village's actions (or lack thereof) toward moving this case toward settlement during the 45-day stay.  It has become clear through the informal settlement negotiations that further factual development is required before the parties can meaningfully evaluate settlement.  The stay should be lifted, and the case should proceed in the normal course.  At minimum, the Court should require that Village sit for its 30(b)(6) deposition before any settlement conference occurs.

## ARGUMENT

### I.    Village Does Not Meet its Burden for a Continued Stay

While Village correctly notes that courts have discretion to manage their dockets, that discretion is not unbounded.  A stay is an "exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. North Am. Co.*, 299 U.S. 248,

254-55 (1936).  The party seeking to maintain a stay bears the burden of establishing its continued need.  *See id.* ("[A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111-12 (9th Cir. 2005) (courts must weigh potential prejudice and hardship).

Nevada courts apply these principles to reject efforts to delay discovery absent a "strong showing why discovery should be denied."  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (emphasizing that discovery should proceed consistent with Rule 1 and cautioning against halting case development without good cause).  Village fails to meet this burden.  The sole justification offered—ongoing settlement discussions—is insufficient.  "There is nothing unexpected about the prospect that a case may settle that would ordinarily warrant a delay to the existing deadlines in the case." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1182 (D. Nev. Sept. 13, 2022) (collecting cases).

Importantly, Village acknowledges that Change has engaged in the process by requesting and receiving information during the stay. *See generally* ECF No. 21.  That is not evidence of delay; it is evidence that Change has attempted to evaluate the case in the absence of formal discovery.  But informal exchanges have not been sufficient to bridge the gap.  The absence of resolution confirms that additional discovery is required.

## II.    The Case has Progressed Beyond the Point where a Pre-Discovery Settlement Conference is Appropriate

Village's request for a settlement conference is premised on the idea that the parties should resolve the case before incurring additional discovery costs.  ECF No. 21 at 4.  But this is not a case at the outset of litigation.  Discovery is already mostly completed—the parties agreed in the stipulation to stay the case that upon the lift of the stay, only 45 days remain in discovery.  ECF No. 16.[1]  In other words, the parties have already exchanged

---

[1] It appears that Village may take the position that more than 45 days of discovery is appropriate when the stay is lifted.  *See, e.g.,* ECF No. 21 at § E.  This position is inconsistent with the parties' stipulation, ECF No. 16, and Change objects to any attempt through Village's opposition/countermotion to extend discovery beyond what the parties have already agreed to, especially where Village sat on its hands through most of the discovery period.

information relevant to their claims and defenses and engaged in written discovery.[2]  What remains are critical gaps in the factual record that can only be filled through additional discovery—most notably, Village's 30(b)(6) deposition which was previously set (but not yet taken) at the time the stay was entered.  *See* **Ex. A**.

### III.    Continuing the Stay Prejudices Change

Change is prejudiced by the stay remaining in place.  This case is stagnant at the moment, and Change is precluded from completing the remaining discovery that is necessary for resolution—either through settlement or an adjudication on the merits. Meanwhile, Village, a company that breached its contractual obligations owed to Change resulting in millions of dollars of damages to Change, profits from the stay.  It further requests a settlement conference, over Change's objection, without Change having all the necessary information to participate in such a conference.

The prejudice to Change is concrete, and tellingly, Village identifies no comparable harm that it would suffer if discovery proceeds.[3]  Where a stay creates a "fair possibility" of harm to the opposing party, the proponent of the stay must make a "clear case of hardship or inequity."  *Landis*, 299 U.S. at 255.  Village has not done so, and it is precluded from raising this new argument in its reply in support of the settlement conference.

Allowing Village to maintain the stay based solely on ongoing settlement discussions would effectively permit indefinite delay of discovery, a result that courts, including in this district, have rejected.  *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1182 (D. Nev. Sept. 13, 2022) (collecting cases).

---

[2] At the time the stay was entered, the parties had exchanged initial disclosures.  Change served written discovery requests on Village, which Village answered and supplemented.  Change also set Village's 30(b)(6) deposition, which did not move forward because the Court granted the stay stipulation before the deposition occurred.

[3] In other contexts, courts have held that litigation spend is not prejudice.  *See, e.g., Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (2001) ("Appellants cite no case holding that prejudice should be measured by litigation expenses incurred before a motion to amend is filed."); *Aristocrat Techs., Inc. v. High Impact Design & Ent.*, 642 F. Supp. 2d 1228, 1233 (2009) ("[d]etriment in the sense that plaintiff will be required to establish the merit of its claim does not constitute prejudice in this context.") (quotation omitted).

**IV.    A Settlement Appropriate Now is Premature**

Change does not oppose a settlement conference in principle.  To the contrary, Change seeks a resolution that is informed and meaningful.  But Local Rule 16-5 does not require the Court to prioritize a settlement conference over the progression of discovery.  Nor does it support ordering such a conference where the factual record remains incomplete.  The more efficient sequence is clear: complete discovery, evaluate the case on a developed record, and if appropriate, engage in a settlement conference at that time.

In the alternative, if the Court is inclined to consider a settlement conference, Change respectfully requests that such a conference be scheduled only after Village's deposition so that the conference may be productive.

<strong><u>CONCLUSION</u></strong>

The stay has served its purpose.  Settlement discussions have not resolved the case, and further delay will not change that outcome.  What is required now is the completion of discovery to move this matter toward resolution.  Change respectfully requests that the Court grant its amended motion to lift stay of discovery and all case deadlines, and uphold the parties' prior joint stipulation that allowed for 45 days of discovery.  Change further requests that the Court deny Village's countermotion for a court-ordered settlement conference as premature.  At minimum, the Court should require Village's deposition to proceed.

DATED 6th day of May, 2026.

ATLAS | SOLOMON LLP

/s/ *Natalie L. Winslow*
NATALIE L. WINSLOW
Nevada Bar No. 12125
7674 W. Lake Mead Blvd., Suite 220
Las Vegas, Nevada 89128
nwinslow@atlas-solomon.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2026, a true and correct copy of the foregoing Reply and Opposition was electronically filed and served through the Court's filing system using the CM/ECF service.


/s/ Melina Gonzalez
An Employee of Atlas Solomon LLP